IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH R. ESTRADA and
TERESA M. ANAYA,

    Plaintiffs,

v.                                                  No. CIV 10-592 JCH/GBW

JOHN McHUGH, Secretary,
DEPARTMENT OF THE ARMY,

    Defendant.

### ORDER DENYING MOTION TO SEVER

This matter comes before the Court on Defendant's Motion to Sever Claims, *doc. 42*. The Court held a hearing on this motion on September 18, 2012, and ordered Defendant to provide supplemental briefing. *Doc. 98*. Both parties filed supplemental briefs. *Docs. 99 & 100*. Having reviewed the briefing, the Court denies Defendant's Motion to Sever.

### *Background*

Plaintiffs Josephine Estrada and Theresa Anaya filed suit against Defendant on June 18, 2010. *Doc. 1*. Both Plaintiffs worked at the White Sands Missile Range (WSMR) as engineers, *doc. 3* ¶ 12, and both claim that they were discriminated against by their supervisors because of their gender in violation of Title VII of the Civil Rights Act of 1964, *id*. ¶¶ 10-27.

1

Plaintiffs make allegations regarding the discrimination of female employees at WSMR generally as well as about their individual treatment. As to the former, Plaintiffs allege that gender discrimination is pervasive at WSMR. They claim that women are not promoted to higher level positions and are not given the same opportunities for training and advancement as men. *Id*. ¶¶ 18, 22. They also allege that women are demeaned by their supervisors, receive lower performance ratings than men for equivalent work, and are retaliated against when they bring discrimination complaints. *Id*. ¶¶ 10-11, 18.

Plaintiff Anaya alleges three specific instances of discrimination. First, she claims that starting in 2008 she "was subjected to a hostile work environment" by her supervisor, Randy Grunow, because of her gender. *Id*. ¶ 12. Despite filing an Equal Employment Opportunity (EEO) complaint, "nothing was done to alleviate the hostility." *Id*. Second, she alleges that in August 2008 she was involuntarily reassigned from her position as Supervisory Safety Engineer in the Safety Office at WSMR to a position in the Systems Engineering Directorate in retaliation for the complaint she filed against Mr. Grunow. *Id*. ¶¶ 12-14. She claims that Colonel Bruce Lewis, Commander of the White Sands Test Center (WSTC), effected the reassignment. *Id*. ¶ 14. Third, Plaintiff Anaya alleges that in January 2009 Colonel Lewis and Frank Chavez, the Executive Director of the WSTC, gave her an unwarranted low performance appraisal rating. *Id*. ¶ 15.

Plaintiff Estrada, who served as a Supervisory Electronics Engineer in the Range Communications Directorate which falls within WSTC, also alleges three specific instances of discrimination. She first claims she was denied a promotion in July 2006 because of her gender, *id*. ¶ 17, and identifies Sharon Reese, Vickie Reynolds, and Sally Smoot as the officials responsible for the denial. *Doc. 42*, ex. A at 7. Second, she alleges that she was given a low annual performance award by Ms. Reese in retaliation for the EEO complaint she brought in July 2006 regarding the denied promotion. *Id*., ex. A at 8; *Doc. 3* ¶ 20. Third, Plaintiff Estrada claims that in October 2008 she was denied another promotion due to her gender by Dan Hicks, Chief of Staff for the WSMR. *Doc. 42*, ex. A at 9; *Doc. 3* ¶ 21.

On May 14, 2012, Defendant moved to sever Plaintiff Anaya's and Plaintiff Estrada's claims, arguing that they do not arise out of the same transaction or occurrence. *Doc. 42*. The Court held a hearing on the motion on September 18, 2012, where it instructed Defendant to file supplemental briefing outlining the chain of command for each Plaintiff. *See doc. 98*. Defendant filed a supplemental brief on September 28, 2012. *Doc. 99*. Plaintiff filed a response on October 8, 2012. *Doc. 100*.

### *Legal Standards*

Under Federal Rule of Civil Procedure 21, severance of claims is appropriate when claims are misjoined. Motions to sever are analyzed under the joinder standards of Federal Rule of Civil Procedure 20(a). *Nasious v. City & County of Denver*, 415 F. App'x 877, 880 (10th Cir. 2011). Thus, claims are misjoined either when they do not arise out of the same transaction or occurrence, or series of transactions or occurrences, or when they do not involve a common question of law or fact. Fed. R. Civ. P. 20(a)(1). "In order to ascertain if a particular factual situation constitutes a transaction or occurrence for the purposes of Rule 20, courts consider whether a 'logical relationship' exists amongst and between the claims." *Sheets v. CTS Wireless Components, Inc.*, 213 F. Supp. 2d 1279, 1286 (D.N.M. 2002) (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

In employment discrimination cases, courts have found a logical relationship between claims when plaintiffs allege that they were all victims of the same organization-wide discriminatory policy or practice. *See, e.g., Mosley*, 497 F.2d at 1333 (refusing to sever claims of ten African American plaintiffs because their claims all arose out of the same alleged company-wide policy of racial discrimination); *Alexander v. Fulton County*, 207 F.3d 1303, 1324 (11th Cir. 2000), *overturned on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (refusing to sever claims of white law enforcement officers that all "stem from the same core allegation" of "a systemic pattern

4

or practice of race-based discrimination"); *Wagoner v. Pfizer, Inc.*, 2008 WL 2937249, at *2-*3 (D. Kan. July 24, 2008) (denying motion to sever claims of plaintiffs who worked in different places, had different supervisors, and were fired at different times because they alleged a company policy of age discrimination); *Aguilar v. Schiff Nutrition Int'l, Inc.*, 2008 WL 4526051, at *12 (D. Utah Sept. 29, 2008) (denying motion to sever claims of discrimination based on race and national origin because defendant's alleged "pattern and practice of discrimination . . . ties all of the Plaintiffs together").

The court exercises its discretion when deciding whether to sever claims. *Mosley*, 497 F.2d at 1332. In making its decision, a court may take into account the factors listed in Rule 42(b), which allows a court to order separate trials on separate claims. *Id*. These factors include convenience, potential prejudice to the parties, efficiency, and economy. Fed. R. Civ. P. 42(b).

### *Analysis*

The Court finds that severance is inappropriate here because Plaintiffs' claims arise out of the same alleged organization-wide practice of discrimination at WSMR. Although Plaintiffs' claims involve different dates, supervisors, and factual circumstances, they are logically related because they all fall within the broader allegation that WSMR's policies and practices have a discriminatory impact on women. *See Bell v. Lockheed Martin Corp.*, No. 08-6292, 2010 WL 3724271, at *15 (D.N.J. Sept. 15, 2010) (refusing to sever gender discrimination claims despite the fact that they involved

different supervisors, different locations, and different employees because they all relate to the same "core claim" of company-wide discrimination).

Defendant compares this case to *Sheets v. CTS Wireless Components, Inc.*, 213 F. Supp. 2d 1279, 1286 (D.N.M. 2002), in which the court severed the claims of three plaintiffs who alleged disability discrimination against their employer. The court found that even though the claims "rest upon the same legal theories, they turn on distinct facts that are unique to each of the Employees." *Id*. at 1286. What Defendant fails to mention, however, is that the court explicitly distinguished that case from those in which employees allege that their claims arise out of a company-wide policy of discrimination. *Id*. at 1286-87. Here, Plaintiffs claim that even though their injuries involve different offices and supervisors, they are all a result of WSMR's discriminatory culture. *See doc. 3* at ¶¶ 10-11, 18, 22; *doc. 54* at 2-3.

The Rule 42(b) factors also support denial of this motion. Defendant suggests that considering Plaintiffs' claims together would confuse the jury and prejudice Defendant. *Doc. 42* at 5. The Court disagrees. Although there are differences between the claims, there are also substantial similarities. Both Plaintiffs were employed within WSTC. *Doc. 99*, Ex. 1. All but one of their six claims allege gender discrimination within the command structure of WSTC.[1] *Doc. 42* at 1-3. Colonel Lewis was the WSTC

---

[1] The one claim which falls outside WSTC is brought by Plaintiff Estrada and is directed at her non-selection for a multi-disciplinary position. *Doc. 99*, Ex. 1. While the process might have involved persons who fell within WSTC, the ultimate decision was made by persons outside WSTC. *Id.*

commander during all of the alleged discrimination against Plaintiff Anaya and two of the claims of discrimination alleged by Plaintiff Estrada. *Id.*; *see also doc. 99*, Ex. 1.

Plaintiffs' allegations also overlap. Both allege retaliation by their supervisors in response to their filing of EEO complaints. *Doc. 1* ¶¶ 14, 17; *Doc. 99*, ex. 2 at 1. Both also allege discrimination in the evaluation of their performance, Plaintiff Anaya in the form of a low annual performance appraisal and Plaintiff Estrada in the form of a low performance award. *Doc. 1* ¶¶ 15, 20. Due to this overlap in Plaintiffs' chain of command and the nature of the alleged discrimination, there will likely be overlap in the evidence introduced to support both claims.

Defendant cites *Henderson v. AT&T Corp.*, 918 F. Supp. 1059 (S.D. Tex. 1996), to support his argument that a joint trial will unduly prejudice Defendant. That case involved five plaintiffs with a total of more than 20 claims and 200 potential witnesses. *Id.* at 1063. Although all the plaintiffs alleged gender discrimination, some also alleged race, age, and national origin discrimination. *Id.* at 1060. The plaintiffs were also located in four different offices in three states. *Id.*

This case is significantly simpler than *Henderson*. There are only two Plaintiffs. They both work at WSMR in the WSTC and they both allege only gender discrimination. The risk that a jury will be unable to parse the differences between the two Plaintiffs is slight and is outweighed by the convenience, efficiency, and economy of trying the claims together.

7

For these reasons, Defendant's Motion to Sever, *doc. 42*, is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE