## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSEPHINE R. ESTRADA and
TERESA M. ANAYA,

      **Plaintiffs,**

v.                                                CIV 10-592 JCH/GBW

JOHN McHUGH, Secretary,
DEPARTMENT OF THE ARMY,

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Army Secretary's John McHugh's

*Motion to Dismiss Plaintiff Anaya's Claims Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)* (Doc.

39) and *Motion for Summary Judgment Against Plaintiff Teresa Anaya and Supporting*

*Memorandum* (Doc. 41).[1]  In the underlying action, Plaintiff, an employee of the Department of

the Army at White Sands Missile Range (WSMR), sets forth a single cause of action for gender

discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000(e), et seq.  Defendant interprets the vague language in the Amended Complaint to contain

the claims that he, acting through his employees, discriminated against Plaintiff by: (1)

subjecting her to a hostile work environment; (2) involuntarily reassigning her to another

position in retaliation for filing a gender discrimination claim against her former supervisor; (3)

giving her a lower-than-expected performance appraisal; and (4) denying her a promotion to an

---

[1]Defendant has filed separate motions to dismiss and for summary judgment against Co-Plaintiff Josephine R. Estrada (Docs. 43, 45).  The Court will address these motions in a separate Memorandum Opinion and Order.

unspecified position.

On the instant motion, Defendant argues that the Court lacks subject-matter jurisdiction over the portion of Plaintiff's claim based on her involuntary reassignment and performance appraisal, on the ground that Plaintiff failed to exhaust her administrative remedies with respect to these allegations.  Alternatively, in the event that the Court finds that it has subject-matter jurisdiction over this portion of Plaintiff's claim, Defendant argues that he is entitled to summary judgment on this portion of the claim.  With respect to Plaintiff's remaining allegations that Defendant discriminated and/or retaliated against her by subjecting her to a hostile work environment and failing to promote her, Defendant argues that this portion of Plaintiff's claim should be dismissed for failure to state a claim and/or for abandoning the claims during discovery.  The Court having considered the motions, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that Plaintiff had failed to meet her burden of establishing that she exhausted her administrative remedies with respect to *any* portion of her claim. Accordingly, Defendant's motion to dismiss for lack of subject-matter jurisdiction will be granted, and his motion for summary judgment will be denied as moot.

**BACKGROUND**[2]

Plaintiff is currently employed by the Department of the Army at WSMR, where she

---

[2]While the Court does not reach the merits of the instant motion for summary judgment, it is authorized to consider Defendant's proposed statement of material facts in determining whether it has subject-matter jurisdiction over any portion of the instant action.  *See discussion of Rule 12(b)(1) standard, infra*, at 7-8.  Because Plaintiff's response to Defendant's motion for summary judgment fails to specifically controvert any of the proposed undisputed material facts set forth by Defendant, the Court admits Defendant's proposed material facts for purposes of resolving the instant motion.  See D.N.M.-LR 56.1(b) ( "[a]ll material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted").

serves as a General Engineer in the Sensor Systems Division.  At the time the events in issue commenced, Plaintiff was a Supervisory Engineer in WSMR's Safety Installation Office. Plaintiff's immediate supervisor in the Safety Installation Office was Safety Installation Director Randy Grunow; her second-line supervisor was White Sands Test Center Commander, Col. Bruce Lewis.

**Plaintiff's First EEOC Complaint Alleges Hostile Work Environment; No Evidence That Plaintiff Timely Exercised Right to Sue**

On June 26, 2008, Plaintiff filed an EEOC Charge of Discrimination, Complaint No. ARWSMR08MAY01785 ("First EEOC Complaint"), with WSMR's Equal Employment Opportunity Office, alleging discrimination on the basis of her gender and Mexican-American national origin.  Plaintiff specifically alleged that her immediate supervisor, Grunow, had subjected her to a hostile work environment.

On July 10, 2008, the Department of the Army, EEO Compliance and Complaints Review Department, issued its final decision finding that Plaintiff was not the victim of discrimination with respect to the events set forth in her First EEOC Complaint. Plaintiff subsequently appealed the decision, and her appeal was denied by the OFO on December 17, 2008.  Plaintiff moved for reconsideration, and on February 26, 2009, the OFO denied her reconsideration request.  There is no evidence in the record that Plaintiff timely exercised her right to bring a federal action within 90 days of the OFO's issuance of its denial.  *See* 29 C.F.R. § 1614.107(a).

**July 2008 Involuntary Reassignment**

On or about July 1, 2008, Col. Lewis informed Plaintiff that she was being reassigned from the position of Supervisory Safety Engineer to the position of General Engineer in the

WSMR Test Center.  The stated reason for the reassignment was Lewis' concern for Plaintiff's physical and mental well-being, as she had reportedly complained to Lewis that she desired to take an extended medical leave due to the great stress she was under in working under Grunow. Plaintiff lost no pay or benefits as a result of the reassignment.

**Plaintiff's Performance Appraisal**

On or about November 10, 2008, Plaintiff's new supervisor at the Test Center, Executive Director Frank Chavez, prepared a Department of Defense National Security Personnel System (NSPS) Annual Performance Appraisal for Plaintiff.  The Appraisal assessed Plaintiff's performance for the period from July 6, 2008 through September 7, 2008.  Pursuant to the NSPS Appraisal System, an employee received one of five (5) levels of rating: Level 5– Role Model; Level 4 – Exceeds Expectations; Level 3 – Valued Employee;  Level 2 – Fair; and Level 1 – Unacceptable.  (Doc. 40 Ex. B2).  Chavez assessed Plaintiff a Level 3 rating for the evaluation period.  Under the NSPS Appraisal system, an employee receiving a rating of 3 is eligible to receive 1 to 2 shares of the employee "Pay Pool," a performance-based pay fund.  Chavez recommended that Plaintiff receiving 1 share in the pool.  Plaintiff received her NSPS Appraisal on January 29, 2009.

**Plaintiff's Second EEOC Complaint Alleges Gender Discrimination Related to Reassignment**

On February 13, 2009, Plaintiff filed a second EEOC Charge of Discrimination, Complaint No. ARWSMR09JAN00023 ("Second EEOC Complaint") with WSMR's Equal Employment Opportunity Office, alleging that her involuntary reassignment from the Safety Office to the Test Center in July 2008 was the result of gender discrimination and reprisal for filing her First EEOC Complaint against Randy Granow.  In the narrative section of the

4

Complaint, Plaintiff further suggested that her reassignment by Col. Lewis reflected that he "has treated men differently from women [in the past,] as evidenced by his handling of problematic student employees.  The male employee was treated preferentially, and the female was fired." (Doc. 40 Ex. D).

**Plaintiff's Second EEOC Complaint is Denied and Appealed, But Not Exhausted**

On December 3, 2009, the Department of the Army, EEO Compliance and Complaints Review Department, issued its final decision finding that Plaintiff was not the victim of discrimination with respect to the events set forth in her Second EEOC Complaint.  The letter further advised Plaintiff of her right to file an appeal within 30 days of her receipt of the decision.

On or about February 26, 2010, Plaintiff filed a Notice of Appeal with the EEOC's Office of Federal Operations (OFO).  The Notice indicated that Plaintiff received the Army's final decision on her Second EEOC Complaint on January 27, 2010, nearly two months after the decision was issued.

It is undisputed that at the time Plaintiff brought the instant case – which was filed in this Court on June 18, 2010 – the OFO had not issued a decision on Plaintiff's appeal.  *See* Doc. 53 at 2 (Plaintiff conceding that she "filed two . . . EEO complaints which were still pending on appeal at the time this suit was filed.").

**Plaintiff's Third EEOC Complaint Alleges Discrimination Related to Performance Appraisal**

On April 24, 2009, Plaintiff filed a third EEOC Charge of Discrimination, Complaint No. ARWSMR09MAR00934 ("Third EEOC Complaint"), with WSMR's Equal Employment Opportunity Office, alleging that her lower-than-expected NSPS Performance Appraisal was the

result of gender discrimination and reprisal for filing her First EEOC Complaint.  In the narrative

section of the Complaint, Plaintiff argued that, as a result of her Appraisal,

> in a pool of 50 [employees], I was ranked in the lowest category because I had
> received a rating of 3 with 1 share.  There are at least 5 other higher categories: 3
> with 2 shares, 4 with 3 shares, 4 with 4 shares, 5 with 5 shares, or 5 with 6 shares.
> I contend that the rating that I received is not acceptable because of the process
> used to achieve that rating. . . . [I]n fact, there was no way that I could have
> received a higher rating due to the fact that I had been involuntarily reassigned in
> Jul. 08.

(Doc. 40 Ex. H).

## Plaintiff's Third EEOC Complaint is Denied and Appealed, But Not Exhausted

On or about February 19, 2010,  the Department of the Army, EEO Compliance and

Complaints Review Department, issued its final decision finding that Plaintiff was not the victim

of discrimination with respect to the events set forth in her Third EEOC Complaint, and advising

her of her right to file an appeal within 30 days of her receipt of the decision.

On March 29, 2010, Plaintiff filed a Notice of Appeal with the OFO.  It is undisputed that

at the time Plaintiff brought the instant case – which was filed in this Court on June 18, 2010 –

the OFO had not issued a decision on Plaintiff's appeal.

## Attempts to Pinpoint Plaintiff's Claim(s) in Discovery

On June 18, 2010, Plaintiff – along with Co-Plaintiff Josephine R. Estrada – filed the

instant action.  On June 21, 2010, Plaintiffs filed an Amended Complaint.  The Amended

Complaint asserted only one cause of action – for Title VII gender discrimination and retaliation

– under which it recited that "Defendant discriminated against Plaintiffs because of their gender,

creating a hostile environment and a continued refusal to promote [sic]." (Doc. 3 Am. Cplt. ¶

24).  The background section of the Amended Complaint contained five paragraphs of general

allegations specifically relating to Plaintiff, describing how she was "subjected a hostile work

6

environment by her supervisor . . . starting in 2008," and "filed a discrimination complaint," against him at an unspecified time (*id.* ¶ 12); how Col Lewis declined to select a female engineer to fill in for Plaintiff while she was on leave (*id.* ¶ 13); how Plaintiff was involuntarily reassigned by Lewis in August 2009 (*id.* ¶ 14); and how Plaintiff received a lower performance appraisal rating in January 2009 (*id.* ¶ 15). The Amended Complaint did not specifically identify or attach any of Plaintiff's EEOC complaints or indicate when any such complaint was filed, let alone indicate that any such complaint was properly exhausted prior to initiating the instant suit.

During discovery, Defendant propounded Interrogatories to Plaintiff asking her to identify "each and every practice or act" upon which her claims of gender discrimination and retaliation were based. (Doc. 40 Ex. J). Plaintiff identified only her 2008 involuntary transfer and January 2009 as the bases for both her discrimination claim and her retaliation claim. *Id.*

## LEGAL STANDARDS

### Motion to Dismiss Under 12(b)(1)

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994)(citations omitted). The party invoking federal jurisdiction generally "bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Pursuant to Fed. R. Civ. P 12(b)(1), a party may raise the defense of the court's lack of subject-matter jurisdiction by motion. *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In the Tenth Circuit, a motion to dismiss for lack of subject-matter jurisdiction "generally take[s] one

of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to

subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter

jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

> On a facial attack, a plaintiff is afforded safeguards similar to those provided in
> opposing a rule 12(b)(6) motion: the court must consider the complaint's
> allegations to be true. *See Ruiz v. McDonnell,* 299 F.3d at 1180; *Williamson v.*
> *Tucker,* 645 F.2d 404, 412 (5th Cir. 1981). But when the attack is aimed at the
> jurisdictional facts themselves, a district court may not presume the truthfulness
> of those allegations. A court has wide discretion to allow affidavits, other
> documents, and a limited evidentiary hearing to resolve disputed jurisdictional
> facts under Rule 12(b)(1). In such instances, a court's reference to evidence
> outside the pleadings does not convert the motion to a Rule 56
> [summary-judgment] motion.

*Braverman v. New Mexico,* 2012 U.S. Dist. LEXIS 155677, at *56 (D.N.M., Sept. 30, 2012)

(quotation omitted).

Thus, while a Rule 12(b)(1) motion, unlike a Rule 12(b)(6) motion, can include

references to evidence extraneous to the complaint without converting it to a Rule 56 summary

judgment motion, a Rule 12(b)(1) motion must be converted to a Rule 56 motion "when

resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v.*

*United States*, 46 F.3d 1000, 1003. *see also Franklin Sav. Corp. v. United States,* 180 F.3d 1124,

1129 (10th Cir. 1999). "When deciding whether jurisdiction is intertwined with the merits of a

particular dispute, the underlying issue is whether resolution of the jurisdictional question

requires resolution of an aspect of the substantive claim." *Davis ex rel. Davis v. United States,*

343 F.3d 1282, 1296 (10th Cir. 2003)(quotation omitted); *see also Trainor v. Apollo Metal*

*Specialties, Inc.*, 318 F.3d 976, 978 (10th Cir. 2002) (jurisdictional question is considered

intertwined with the merits of the case when the court's subject matter jurisdiction is conditioned

upon the same statute that provides the substantive claim in the case).

**Motion to Dismiss Under 12(b)(6)**

Rule 12(b)(6) provides in relevant part that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading.  A court may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993).  A motion to dismiss should be granted if, viewing the well-pleaded factual allegations of the complaint as true, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  In considering a Rule 12(b)(6) motion, a court must assume all well pleaded facts, but not conclusory allegations, to be true, and must draw all reasonable inferences in favor of a plaintiff.  *See Housing Auth. of the Kaw Tribe v. City of Ponca,* 952 F.2d 1183, 1187 (10th Cir. 1991); *Maher v. Durango Metals, Inc.*,144 F.3d 1302, 1304 (10th Cir. 1998). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will prevail ultimately, but whether a plaintiff is entitled to offer evidence to support his or her claim.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  However, the rules do not require a court to accept legal conclusions or unwarranted inferences.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).

**Administrative Exhaustion of a Title VII Claim**

"Before a federal employee may file a Title VII suit in district court, the employee must exhaust her administrative remedies."  *Mayberry v. EPA,* 366 Fed. Appx. 907, 909 (10th Cir. 2010, citing 42 U.S.C. § 2000e-16(c); *see also Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). In order to exhaust her administrative remedies, a federal employee must make an informal charge to an agency counselor within 45 days from the date of the

alleged discriminatory act. 29 C.F.R. § 1614.105(a). The EEO counselor must advise the employee of her rights and responsibilities, investigate the complaint, and attempt to informally resolve the matter. *See id.* § 1614.105(b)(1).  The EEO counselor must then conduct a final interview with the employee within 30 days of the date the employee contacted the EEO office. *Id.* § 1614.105(d).  The employee may then file a formal EEO complaint within fifteen days of receiving the Notice of Final Interview. *Id.* § 1614.105(b), (d); *see also id.* § 1614.106(b).

  Upon the employee's filing of a formal complaint, the EEOC has 180 days to conduct an investigation into the employee's charges.  29 C.F.R. § 1614.106(e)(2).  The employee, upon her request, is further entitled to an administrative hearing.  29 C.F.R. § 1614.109.  In the event that a hearing is conducted, the agency must issue its final decision within 40 days of receiving the recommended decision of the presiding administrative judge.  29 C.F.R. § 1614.110.  If the employee does not request a hearing, the agency must issue its final decision with 60 days of her request for a decision.  *Id.*

  It is only after the final disposition of the formal EEOC Charge of Discrimination that an employee may file a civil action in an appropriate United States District Court.  When the employee is authorized to seek judicial review depends on the status of her EEOC filing.  A federal employee who elects not to appeal the agency's decision must bring suit "[w]ithin 90 days of receipt of the final action."  29 C.F.R. § 1614.107(a).  An employee who has neither filed an appeal nor received notice of final action taken on her complaint may only file suit "after 180 days from the date of filing."  29 C.F.R. § 1614.107(b).  An employee who appeals the agency's decision must file suit "[w]ithin 90 days of receipt of the [EEOC's] final decision on an appeal."  29 C.F.R. § 1614.107(c).  Finally, an employee who appeals the agency's decision and has not received a final decision may file suit "[a]fter 180 days from the date of filing an appeal."  29

C.F.R. § 1614.107(d).


## ANALYSIS

As a threshold issue, the Court must determine whether it has subject-matter jurisdiction over Plaintiff's single claim for Title VII gender discrimination and retaliation, in whole or in part.  Defendant argues that, because Plaintiff brought the instant case on June 18, 2010 – before the expiration of the 180-day period granted to the OFO to resolve all issues raised on the appeal of Plaintiff's Second and Third EEOC Complaints[3] – Plaintiff "abandoned the administrative process, thus failing to exhaust her administrative remedies."  (Doc. 40 at 13).  By filing a federal lawsuit before either administrative appeal had been resolved, Defendant argues, Plaintiff divested the Court of subject-matter jurisdiction over any portion of her Title VII claim related to her involuntary reassignment (the basis for her Second EEOC Complaint) or her NSPS Performance Appraisal (the basis for the Third EEOC Complaint)  – i.e., any portion of her Title VII claim that Plaintiff did not abandon during discovery.

In her response, Plaintiff contends for the first time that the Court has subject-matter jurisdiction over the instant case because she exhausted her administrative remedies with respect to yet another EEOC Charge of Discrimination, Complaint No. ARWSMR09SEP04219 ("Fourth EEOC Complaint") – the existence of which is not disclosed in the Amended Complaint, nor in Plaintiff's (improperly submitted) "Statement of Undisputed Material Facts" offered in

---

[3]As set forth, *supra,* at 5-6, Plaintiff appealed her Second EEOC Complaint to the OFO on February 26, 2010 (112 days before she filed the instant Complaint), and appealed her Third EEOC Complaint to the OFO on March 29, 2010 (81 days before the instant Complaint).

opposition to the instant motions.[4]  Indeed, Plaintiff does not attach the alleged Fourth EEOC

Complaint to her response brief, state when it was filed, or attempt to characterize the allegations

it contained.  Instead, Plaintiff maintains only that, whatever the nature of the claim her Fourth

EEOC Complaint asserted, it was administratively exhausted:

> This particular case was filed and processed through the Defendant agency's EEO
> process and a Final Agency Decision . . . was served upon the undersigned on
> November 23, 2009.  The undersigned filed a timely Notice of Appeal to the
> [OFO] on December 18, 2009.  And after the expiration of 182 days, suit was
> filed on this matter, which meets the statutory and regulatory time frame.

(Doc. 53 at 2) (citing 29 C.F.R. § 1614.407(d)).  Plaintiff further attaches to her response a

Notice of Appeal for her Fourth EEOC Complaint dated December 18, 2009 as well as an OFO

decision, dated October 7, 2010, remanding the Complaint for further processing by the agency.

(Doc. 53 Ex. 1).  Notably, however, Plaintiff fails to explain how the attached documents support

her contention that she exhausted the specific Title VII claim set forth in the instant case.

     Finally, with respect to her Second and Third EEOC Complaints, Plaintiff admits that she

filed the instant action before they were exhausted, but argues that they are nevertheless properly

before the Court.  According to Plaintiff, since her Second and Third EEOC Complaints "were

filed against the same entity, occurred at or near the same time frame, and are based upon gender

discrimination and retaliation for engaging in protected EEO activity," she is entitled to bring

unexhausted claims together with exhausted ones: "Federal governmental agencies are not

permitted to fragment EEO claims and the EEOC amended its regulations in 1999 to prohibit

such conduct."  (Doc. 53 at 3).  Plaintiff cites no legal authority in support of this position.

---

[4]Indeed, the Amended Complaint fails to identify *any* of Plaintiff's EEOC Complaints, and states only that "Plaintiffs have fully complied with all prerequisites to jurisdiction of this Court."  (Doc. 3 Am. Cplt. ¶ 5).

**No Evidence That Any Portion of Plaintiff's Title VII Claim Was Properly Exhausted**

As an initial matter, the Court notes that – notwithstanding its consideration of facts and documents outside the Amended Complaint – Defendant's Rule 12(b)(1) motion is not converted to a Rule 56 motion for summary judgment, because the question of whether the Court possesses subject-matter jurisdiction is not intertwined with the merits of the case. *See supra* at 7-8; *see also* 42 U.S.C. § 2000(e), et seq.

The Court finds that Plaintiff has failed to meet her burden of establishing that any part of her cause of action was properly exhausted before the EEOC.  A "court may not assume that a plaintiff can establish subject matter jurisdiction; it is the plaintiff's burden to prove it." *Kinney v. Blue Dot Servs. of Kan*, 2012 U.S. App. LEXIS 25746, at *4, quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Where a plaintiff asserts a claim under Title VII, the Tenth Circuit has repeatedly held that she "must plead *and show* exhaustion." *Cudjoe v. Indep. Sch. Dist. No. 12,* 297 F.3d 1058, 1063 (10th Cir. 2002) (emphasis added); *see also Dale v. Beechcraft*, 2012 U.S. Dist. LEXIS 4435, at *3 (D. Kan., Jan. 13, 2012) (dismissing Title VII action where *pro se* plaintiff failed to attach "any documents," such as "a notice to sue letter [or] communications from the EEOC . . to her complaint").  Here, Plaintiff pointedly failed to attach any documents establishing jurisdiction to her operative Complaint.  Indeed, the Amended Complaint does not even specifically allege that Plaintiff ever filed a Charge of Discrimination with the EEOC.

Moreover, even when confronted with Defendant's argument that she failed to exhaust her administrative remedies, Plaintiff fails to attach to her response brief the Fourth EEOC Complaint upon which she now purports to rely, let alone explain how the "excerpts of [her] EEO case" she does attach support her contention that the allegations underlying her Title VII

claim were fully exhausted before the Commission.  (Doc. 53 at 2).  Instead, Plaintiff leaves it to the Court to fill in the numerous gaps created by her pleadings by (i) adopting the assumption that her Fourth EEOC Complaint was properly exhausted and fully supports the instant cause of action, or alternatively (ii) scrutinizing the excerpted OFO decision – the relevancy of which to the instant case Plaintiff declines to explain; (iii) comparing the claim that appears, from the OFO's summation, to have been before the EEOC to the factual allegations in the Amended Complaint; and (iv) concluding, based on the Court's own independent research and analysis, that the claim at issue was properly exhausted.  The Court will not perform the work of Plaintiff's counsel by attempting to meet her burdens for her.

The Court thus finds that Plaintiff has failed to establish that this Court has subject-matter jurisdiction over any part of her single claim for Title VII relief.  In addition to her failure to plead and show the administrative exhaustion of her claims as required by Rule 12(b)(1) and Tenth Circuit precedent, Plaintiff's Amended Complaint fails to assert the grounds on which a plausible claim for Title VII relief rests, as required by 12(b)(6) and *Twombly*.  Plaintiff's briefs opposing the instant motion are similarly replete with infirmities, including Plaintiff's (i) failure to heed the requirements set forth in the Local Rules of Civil Procedure propounded by the District of New Mexico in her responses to dispositive motions;[5] (ii) lack of explanation of the significance of her various attached exhibits, or how they support her legal arguments; and (iii) tendency to not cite any legal authority in support of her various arguments and assertions.

---

[5]*See* Doc. 56 at 4 (Plaintiff submitting only her own "Statement of Undisputed Material Facts," rather than comply with D.N.M.-LR 56.1(b) threshold requirement that she first specifically controvert moving party's proposed material facts); *id.* at 2 (Plaintiff citing Texas Rules of Civil Procedure, rather than the local rules of this Court).

Accordingly, the Court will dismiss Plaintiff's Title VII claim without prejudice.[6]

## CONCLUSION

Therefore, for the reasons set forth above, the Court finds that Defendant's *Motion to Dismiss Plaintiff Anaya's Claims Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)* (Doc. 39) is **GRANTED.** Because there is no evidence that the Court has jurisdiction over Plaintiff's cause of action, Defendant's *Motion for Summary Judgment Against Plaintiff Teresa Anaya and Supporting Memorandum* (Doc. 41) is **DENIED** as **MOOT.**

UNITED STATES DISTRICT COURT JUDGE

---

[6]Because Plaintiff has failed to establish federal jurisdiction, the Court need not reach the additional issue of whether – assuming, *arguendo,* that Plaintiff had established that the Fourth EEOC Complaint was both administratively exhausted and supported at least part of the claim in issue – the Court would likewise have jurisdiction over the purportedly related allegations contained in the unexhausted Second and Third EEOC Complaints.