## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSEPHINE R. ESTRADA and
TERESA M. ANAYA,

     Plaintiffs,

v.                                     CIV 10-592 JCH/GBW

JOHN McHUGH, Secretary,
DEPARTMENT OF THE ARMY,

     Defendant.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Army Secretary's John McHugh's

*Motion to Dismiss Plaintiff Estrada's Claims Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)* (Doc.

43) and *Motion for Summary Judgment Against Plaintiff Josephine Estrada and Supporting

Memorandum* (Doc. 45),[1] as well as  Plaintiff Josephine Estrada's *Motion for Leave of Court to

File a Sur-Reply* (Doc. 91).  In the underlying action, Plaintiff, an employee of the Department

of the Army at White Sands Missile Range (WSMR), sets forth a single cause of action for

gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000(e), et seq.  Defendant interprets the vague language in the Amended Complaint to

contain the claims that he, acting through his employees, discriminated against Plaintiff by: (1)

subjecting her to a hostile work environment during an unspecified time period; (2) failing to

select her for a Supervisory Engineering position in 2006; (3) giving her an unjustifiably low

---

[1] Defendant has filed separate motions to dismiss and for summary judgment against Co-Plaintiff Teresa M. Anaya.  (Docs. 39, 41).  The Court will address these motions in a separate Memorandum Opinion and Order.

performance bonus in 2006; and (4) failing to select her for a Multi-Disciplinary position in 2008.[2]

On the instant motion, Defendant argues that the Court lacks subject-matter jurisdiction over the portion of Plaintiff's claim based on an allegedly hostile work environment and lower-than-deserved bonus, on the ground that she failed to exhaust her administrative remedies with respect to these allegations and that, even if she had exhausted her remedies, Plaintiff has failed to state a hostile-work-environment claim.  Defendant argues that he is entitled to summary judgment on Plaintiff's remaining allegations that he discriminated against her by failing to select her for a Supervisory Engineering or Multi-Disciplinary position.  The Court having considered the motions, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that Plaintiff had failed to meet her burden of establishing that she exhausted her administrative remedies with respect to *any* portion of her claim.  Accordingly, Defendant's motion to dismiss for lack of subject- matter jurisdiction will be granted, and the parties' remaining motions will be denied as moot.

---

[2]Defendant further analyzes what he deems Plaintiff's putative claim that he retaliated against her when her former husband, also a WSMR employee, was falsely accused of being a pedophile and terminated by his supervisors.  There are no allegations relating to Plaintiff's ex-husband in the Amended Complaint, as Plaintiff apparently asserted this additional basis for her retaliation claim for the first time during discovery.  Plaintiff responds that she "will not be presenting any evidence [relating to her ex-husband] at trial."  (Doc. 55 at 6).  Accordingly, the Court considers any such claim abandoned.

## BACKGROUND[3]

Plaintiff is currently employed by the Department of the Army at WSMR, where she serves as an Engineer in the Systems Engineering Electorate.  Plaintiff has been employed at WSMR since 1990.

Prior to the commencement of the events in issue, Plaintiff filed EEOC Charges of Discrimination against supervisors at WSMR in at least February 2004 and February 2005.  These complaints are not referenced in the Amended Complaint and do not appear to be contained elsewhere in the record, nor is their substance specifically set forth by the parties.  *See* Doc. 47 Ex. D (Plaintiff asserting in April 2006 EEOC complaint that she suffered ongoing reprisal for EEOC filings in February 2004 and February 2005); Doc. 46 Ex. A  Estrada Dep. at 184:20-185:16 (Plaintiff testifying at her deposition that she has filed "several" EEOC complaints, including in 2004 and/or 2005).

**Plaintiff's February 2006 EEOC Complaint Claims Hostile Work Environment, EEOC Finds in Plaintiff's Favor**

In February 2006, Plaintiff filed another EEOC Charge of Discrimination against WSMR ("February 2006 EEOC Complaint"), alleging that she was being subjected to a hostile work environment on account of her gender.  Plaintiff's February 2006 EEOC Complaint is not in the record, and the parties do not assert which supervisor(s) she charged with misconduct.  Plaintiff

---

[3]While the Court does not reach the merits of the instant motion for summary judgment, it is authorized to consider Defendant's proposed statement of material facts in determining whether it has subject-matter jurisdiction over any portion of the instant action.  *See discussion of Rule 12(b)(1) standard, infra*, at 6-7, 10.  Because Plaintiff's response to Defendant's motion for summary judgment fails to specifically controvert any of the proposed undisputed material facts set forth by Defendant, the Court admits Defendant's proposed material facts for purposes of resolving the instant motion.  See D.N.M.-LR 56.1(b) ( "[a]ll material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted").

requested an administrative hearing, and on a date not set forth in the Amended Complaint, obtained a favorable ruling by an administrative judge.  Plaintiff received an undisclosed sum from the U.S. Army pursuant to the ruling.

**Plaintiff's April 2006 EEOC Complaint Claims Hostile Work Environment; No Evidence That Plaintiff Exhausted Her Administrative Remedies**

On April 6, 2006 Plaintiff filed another EEOC Charge of Discrimination, Complaint No. ARWSMR06OCT3954 ("April 2006 EEOC Complaint"), with WSMR's Equal Employment Opportunity Office, alleging discrimination based on race and national origin (Hispanic American), sex, and reprisal (for filing EEOC claims in February 2004 and February 2005). Specifically, Plaintiff asserted that she had been subjected to a hostile work environment as a result of her previous EEOC filings, as her supervisor Sharon Reese, Acting Director of Range Communications for WSMR, verbally attacked her during a January 2006 meeting, refused to allow professional movers to move Plaintiff's furniture when she changed offices, and declined to extend Plaintiff's run as Acting RC-O Division Chief, an extension that had previously been given to other, similarly-situated employees.

Plaintiff does not mention her April 2006 EEOC Complaint anywhere in the Amended Complaint.  Moreover, the parties have not asserted any facts, or set forth any evidence, as to whether Plaintiff's April 2006 EEOC Complaint resulted in the issuance of a Right to Sue letter by the EEOC, let alone whether Plaintiff exercised that right.

**Plaintiff's Non-Selection for Supervisory Engineer Position at WSMR**

In July 2006, Plaintiff applied for, but did not obtain, a Supervisory Engineer position in the Directorate of Range Communications at WSMR.  The position would have upgraded Plaintiff from a Level 13 employee to a Level 14 employee under the General Schedule, or U.S.

4

Civil Service Pay Scale.  According to Plaintiff, at the time she unsuccessfully applied for the Supervisory Engineer position, there were 38 Level 14 male engineers at WSMR, but no Level 14 female engineers.  The Amended Complaint does not indicate who made the hiring decision; elsewhere in the record, Plaintiff asserts that the decision was made by Sharon Reese.

**Plaintiff's November 2006 EEOC Complaint Claims Retaliation Reflected in Lower Bonus; No Evidence That Plaintiff Timely Exercised Right to Sue**

On November 26, 2006, Plaintiff filed an EEOC Charge of Discrimination, Complaint No. ARWSMR06OCT3954 ("November 2006 EEOC Complaint"), with WSMR's Equal Employment Opportunity Office, alleging that three of her supervisors – Sharon Reese, William Gilbert, and Thomas Berard – retaliated against her for filing EEOC claims in February 2005 and February 2006 by giving her a lower bonus than two of her co-workers.  Specifically, Plaintiff claimed that at the time bonuses were given in September 2006, she received only $1500, while "other similarly[-] situated employees, Mrs. Minerva Carreras-Mancha and Mrs. Carole Cook," received $2500 bonuses.  (Doc. 46 Ex. B).

On November 6, 2007, an EEOC administrative judge found, after a contested hearing, that there was no reprisal.  The OFO affirmed the finding on April 28, 2008.  Plaintiff moved for reconsideration, and her motion was denied by the OFO on June 27, 2008.

There is no evidence in the record that Plaintiff timely exercised her right to bring a federal action within 90 days of the OFO's issuance of its denial.  *See* 29 C.F.R. § 1614.107(a).

**Plaintiff's Non-Selection for a Multi-Disciplinary Position at WSMR**

On October 27, 2008, Plaintiff learned that she was not selected for Multiple Disciplinary position YF-1310-03, at the Plans and Operations Office of WSMR, which would have marked a promotion for her.  The Amended Complaint does not indicate whether Plaintiff actively applied

for the position, describe the qualifications necessary for the position, assert whether she met those qualifications, or indicate who made the hiring decision.  The position ultimately went to a man, Gregory F. DeVogel.

The Amended Complaint does not state whether Plaintiff pursued an EEOC action based on her non-selection for the Supervisory Engineer or Multi-Disciplinary positions.


## LEGAL STANDARDS

### Motion to Dismiss Under 12(b)(1)

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."  *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994)(citations omitted).  The party invoking federal jurisdiction generally "bears the burden of establishing its existence."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).  Pursuant to Fed. R. Civ. P 12(b)(1), a party may raise the defense of the court's lack of subject-matter jurisdiction by motion.  *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  In the Tenth Circuit, a motion to dismiss for lack of subject-matter jurisdiction "generally take[s] one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter jurisdiction is based."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

> On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true. *See Ruiz v. McDonnell,* 299 F.3d at 1180; *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir. 1981). But when the attack is aimed at the jurisdictional facts themselves, a district court may not presume the truthfulness

of those allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 [summary-judgment] motion.

*Braverman v. New Mexico,* 2012 U.S. Dist. LEXIS 155677, at *56 (D.N.M., Sept. 30, 2012) (quotation omitted).

Thus, while a Rule 12(b)(1) motion, unlike a Rule 12(b)(6) motion, can include references to evidence extraneous to the complaint without converting it to a Rule 56 summary judgment motion, a Rule 12(b)(1) motion must be converted to a Rule 56 motion "when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003. *see also Franklin Sav. Corp. v. United States,* 180 F.3d 1124, 1129 (10th Cir. 1999). "When deciding whether jurisdiction is intertwined with the merits of a particular dispute, the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Davis ex rel. Davis v. United States,* 343 F.3d 1282, 1296 (10th Cir. 2003)(quotation omitted); *see also Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 978 (10th Cir. 2002) (jurisdictional question is considered intertwined with the merits of the case when the court's subject matter jurisdiction is conditioned upon the same statute that provides the substantive claim in the case).

**Motion to Dismiss Under 12(b)(6)**

Rule 12(b)(6) provides in relevant part that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading.  A court may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993).  A motion to dismiss should

be granted if, viewing the well-pleaded factual allegations of the complaint as true, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In considering a Rule 12(b)(6) motion, a court must assume all well pleaded facts, but not conclusory allegations, to be true, and must draw all reasonable inferences in favor of a plaintiff. *See Housing Auth. of the Kaw Tribe v. City of Ponca,* 952 F.2d 1183, 1187 (10th Cir. 1991); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir. 1998). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will prevail ultimately, but whether a plaintiff is entitled to offer evidence to support his or her claim. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). However, the rules do not require a court to accept legal conclusions or unwarranted inferences. *See United States v. Fisher,* 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).

**<u>Administrative Exhaustion of a Title VII Claim</u>**

"Before a federal employee may file a Title VII suit in district court, the employee must exhaust her administrative remedies." *Mayberry v. EPA,* 366 Fed. Appx. 907, 909 (10th Cir. 2010, citing 42 U.S.C. § 2000e-16(c); *see also Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). In order to exhaust her administrative remedies, a federal employee must make an informal charge to an agency counselor within 45 days from the date of the alleged discriminatory act. 29 C.F.R. § 1614.105(a). The EEO counselor must advise the employee of her rights and responsibilities, investigate the complaint, and attempt to informally resolve the matter. *See id.* § 1614.105(b)(1). The EEO counselor must then conduct a final interview with the employee within 30 days of the date the employee contacted the EEO office. *Id.* § 1614.105(d). The employee may then file a formal EEO complaint within fifteen days of receiving the Notice of Final Interview. *Id.* § 1614.105(b), (d); *see also id.* § 1614.106(b).

Upon the employee's filing of a formal complaint, the EEOC has 180 days to conduct an investigation into the employee's charges.  29 C.F.R. § 1614.106(e)(2).  The employee, upon her request, is further entitled to an administrative hearing.  29 C.F.R. § 1614.109.  In the event that a hearing is conducted, the agency must issue its final decision within 40 days of receiving the recommended decision of the presiding administrative judge.  29 C.F.R. § 1614.110.  If the employee does not request a hearing, the agency must issue its final decision with 60 days of her request for a decision.  *Id.*

It is only after the final disposition of the formal EEOC Charge of Discrimination that an employee may file a civil action in an appropriate United States District Court.  When the employee is authorized to seek judicial review depends on the status of her EEOC filing.  A federal employee who elects not to appeal the agency's decision must bring suit "[w]ithin 90 days of receipt of the final action."  29 C.F.R. § 1614.107(a).  An employee who has neither filed an appeal nor received notice of final action taken on her complaint may only file suit "after 180 days from the date of filing."  29 C.F.R. § 1614.107(b).  An employee who appeals the agency's decision must file suit "[w]ithin 90 days of receipt of the [EEOC's] final decision on an appeal."  29 C.F.R. § 1614.107(c).  Finally, an employee who appeals the agency's decision and has not received a final decision may file suit "[a]fter 180 days from the date of filing an appeal."  29 C.F.R. § 1614.107(d).

## ANALYSIS

As a threshold issue, the Court must determine whether it has subject-matter jurisdiction over Plaintiff's single claim for Title VII gender discrimination and retaliation, in whole or in part.  Defendant argues that Plaintiff has not shown that she has a ripe claim with respect to her

allegations for hostile work environment – as "the only hostile work environment claims she filed administratively were resolved at that level" – or for her purportedly low annual bonus, a claim she raised before the EEOC but failed to exhaust.  (Doc. 44 at 9).   Defendant is silent as to whether Plaintiff exhausted her administrative remedies with respect to Plaintiff's remaining allegations that she was not selected for a Supervisory Engineer position in 2006 or a Multi-Disciplinary position in 2008.

In her response brief, Plaintiff contends for the first time that the Court has subject-matter jurisdiction over the instant case because she exhausted her administrative remedies with respect to yet another EEOC Charge of Discrimination, Complaint No. ARWSMR08JAN00225 ("December 2008 EEOC Complaint"), which she attaches to her brief.  The existence of the December 2008 EEOC Complaint was not disclosed in the Amended Complaint;[4] neither is it referenced in the (improperly submitted) "Statement of Undisputed Material Facts" Plaintiff offers in opposition to Defendant's Rule 56 motion.  *See supra* n. 3.  The complaint form itself is largely bare, describing Plaintiff's claim only as a "class action complain[t] for gender discrimination," and referring the EEOC to an "attachment summary with the original memo and email submitted to [the] EEO."  (Doc. 55 Ex. 1).  It is unclear whether the "attachment summary" referenced in the EEOC charge form is among the unspecified documents attached to Plaintiff's response brief here.

Plaintiff makes no attempt to characterize her December 2008 EEOC claim in the body of her response brief, or to establish the extent to which, if any, the allegations set forth in the

---

[4]Indeed, while the Amended Complaint states generically that "Plaintiffs have fully complied with all prerequisites to jurisdiction of this Court," (Doc. 3 Am. Cplt. ¶ 5), the only EEOC complaint it references is Plaintiff's February 2006 EEOC Complaint, which resulted in an award of damages and which Plaintiff concedes is not operable in the instant case.

unidentified "attachment summary" are the same allegations underlying the instant claim.

Finally, Plaintiff attaches to her response what appears to be a February 7, 2011 EEOC notice canceling her OFO appeal of a final agency decision on the December 2008 EEOC Complaint. The notice indicates that Plaintiff's appeal to the OFO was filed on March 11, 2009. (Doc. 55 Ex. 1); *see also* Doc. 55 at 2 (Plaintiff noting that "[f]rom March 11, 2009 to June 18, 2010 [the date the instant action was filed] is more than 180 days, so Defendant's failure to exhaust argument is totally without merit.").

**No Evidence That Any Portion of Plaintiff's Title VII Claim Was Properly Exhausted**

As an initial matter, the Court notes that – notwithstanding its consideration of facts and documents outside the Amended Complaint – Defendant's Rule 12(b)(1) motion is not converted to a Rule 56 motion for summary judgment, because the question of whether the Court possesses subject-matter jurisdiction is not intertwined with the merits of the case. *See supra* at 8; *see also* 42 U.S.C. § 2000(e), et seq.

The Court finds that Plaintiff has failed to meet her burden of establishing that any part of her cause of action was properly exhausted before the EEOC. A "court may not assume that a plaintiff can establish subject matter jurisdiction; it is the plaintiff's burden to prove it." *Kinney v. Blue Dot Servs. of Kan*, 2012 U.S. App. LEXIS 25746, at *4, quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Where a plaintiff asserts a claim under Title VII, the Tenth Circuit has repeatedly held that she "must plead *and show* exhaustion." *Cudjoe v. Indep. Sch. Dist. No. 12,* 297 F.3d 1058, 1063 (10th Cir. 2002) (emphasis added); *see also Dale v. Beechcraft*, 2012 U.S. Dist. LEXIS 4435, at *3 (D. Kan., Jan. 13, 2012) (dismissing Title VII action where *pro se* plaintiff failed to attach "any documents," such as "a notice to sue letter [or] communications from the EEOC . . . to her complaint"). Here, the Amended Complaint does

not specifically assert that Plaintiff filed an EEOC action setting forth the same allegations set forth in the instant cause of action, and Plaintiff failed to attach any documents to the Amended Complaint that would have established that her claims were properly exhausted.

Indeed, even when confronted with Defendant's argument that she failed to exhaust her administrative remedies, Plaintiff does not attempt to show how the newly-produced December 2008 EEOC Complaint actually supports her Title VII claim as pled in the Amended Complaint. Rather, Plaintiff appears to believe that because she has put forth evidence suggesting that some EEOC "class action for gender discrimination" – which she pointedly fails to describe -- was administratively exhausted, that she has likewise demonstrated that any or all of the factual allegations underlying the (non-class-action) instant case were exhausted. This is plainly insufficient to satisfy Plaintiff's burden under Rule 12(b)(1).

The Court thus finds that Plaintiff has failed to establish that this Court has subject-matter jurisdiction over any part of her single claim for Title VII relief. In addition to her failure to plead and show the administrative exhaustion of her claims as required by Rule 12(b)(1) and Tenth Circuit precedent, Plaintiff's Amended Complaint fails to assert the grounds on which a plausible claim for Title VII relief rests, as required by 12(b)(6) and *Twombly*. Plaintiff's briefs opposing the instant motion are similarly replete with infirmities, including Plaintiff's (i) failure to heed the requirements set forth in the Local Rules of Civil Procedure propounded by the District of New Mexico in her responses to dispositive motions;[5] (ii) lack of explanation of the significance of her various attached exhibits, or how they support her legal arguments; and (iii)

---

[5] *See* Doc. 91 Ex. 1 at 1 (Plaintiff responding to Defendant's self-evident point that she failed to comply with D.N.M.-LR 56.1(b) requirement that she specifically controvert his proposed material facts by stating only that it is "simply not true"); Doc. 64 at 4 (Plaintiff citing Texas Rules of Civil Procedure, rather than the local rules of this Court).

tendency to not cite any legal authority in support of her various arguments and assertions.[6]

Accordingly, the Court will dismiss Plaintiff's Title VII claim without prejudice.

## CONCLUSION

Therefore, for the reasons set forth above, the Court finds that Defendant's *Motion to Dismiss Plaintiff Estrada's Claims Pursuant to Fed, R. Civ. P. 12(b)(1) and (6)* (Doc. 43) is **GRANTED.** Because there is no evidence that the Court has jurisdiction over Plaintiff's cause of action, Defendant's *Motion for Summary Judgment Against Plaintiff Josephine Estrada and Supporting Memorandum* (Doc. 45) and Plaintiff's *Motion for Leave of Court to File a Sur-Reply* (Doc. 91) are **DENIED** as **MOOT.**

UNITED STATES DISTRICT COURT JUDGE

---

[6]*See* Doc. 55 at 3 (Plaintiff arguing, without citing any authority, that her unexhausted EEOC complaints are properly before the Court because the administrative process designed by Congress for the resolution of Title VII claims "was never intended to be a quagmire of numerous requirements with the intention of stripping [p]laintiffs of their right to have their complaints of discrimination heard"); *see also id.* at 5 (Plaintiff further responding to allegation that she failed to exhaust her administrative remedies by noting, without citing any authority, that "Defendant was placed on notice by Plaintiff when she set forth her complaint in the administrative process.  No more is required of this Plaintiff to proceed with her hostile environment claim.").